983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paris Monique CRAFTON; Torri La Wan Guidry, Defendants-Appellants.
 No. 91-50722.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1992.
Decided Jan. 13, 1993.
 
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges and TANNER,* Senior District Judge.
 MEMORANDUM**
 The United States appeals the sentence of 41 months' imprisonment imposed upon Paris Monique Crafton and Torri La Wan Guidry, following their guilty pleas, for conspiracy, possession with intent to distribute 500 grams of cocaine and importation of 2,005 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 952(a) and 960(a)(1). The United States contends that the district court erred by reducing sua sponte their sentences for substantial assistance in the absence of a government motion pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. section 5K1.1. We vacate and remand.
 We review de novo the legality of a sentence, while reviewing for clear error a district court's underlying factual findings. United States v. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. 14439, 14445 (9th Cir. Dec. 14, 1992) (amended op.).
 Generally, a district court may not depart from the statutory minimum sentence for a defendant's substantial assistance without a motion by the government. Id. at 14446. Nonetheless, "a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or that the refusal was not rationally related to any legitimate state objective." Id.; see also Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 A claim of discrimination based on sex and race raises due process and equal protection concerns. United States v. Redondo-Lemos, 955 F.2d 1296, 1300 (9th Cir.1992). The district court's supervisory powers allow it to raise sua sponte "matters that may affect the rights of criminal defendants." Delgado-Cardenas, slip op. at 14446. Following a prima facie showing of unconstitutional conduct, the district court must conduct an evidentiary hearing. Redondo-Lemos, 955 F.2d at 1302.
 Guidry, joined by Crafton, contends that the district court made a prima facie finding of discrimination and/or a finding that the refusal to make the motion was not rationally related to any legitimate government interest. In addition, Crafton argues that the district court was required to hold an evidentiary hearing to establish purposeful discrimination as a matter of fact.[1]
 Here, the presentence report ("PSR") indicated that the applicable Guidelines range for both defendants was 63 to 78 months' imprisonment. 18 U.S.C. § 841(b)(1)(B) specified a mandatory-minimum 60-month sentence. The PSR recommended that both defendants receive a 63-month sentence. At the sentencing hearing, both defense counsel urged the district court to depart below the 60-month statutory minimum because both defendants provided information to assist the government in its investigation. The government, arguing that the information was useless, did not file a substantial assistance motion. Additionally, the government argued that a confidential informant informed them that the defendants were giving just enough information to give the "appearance" of cooperating. Despite the government's objections, the district court departed downward by imposing a 41-month sentence on both defendants. The district court stated:
 I'm very concerned when the only people who don't seem to get from the United States Attorney's Office any sort of concern for their lives and what they've done are people who are poor and minority. The only people the government has ever asked me to downwardly depart for are for white males, situated differently than any of these people who come before me.
 They have the nerve to come in and ask me, where there's a 10-year mandatory minimum, to give probation; but yet in a situation with individuals like you [Crafton] and your codefendant [Guidry], admittedly involved in criminal activities that you never should have been, not the slightest hesitation in saying that "oh, we got the information from them, but we had that information prior thereto."
 As far as this court is concerned, that's truthful information and it was substantial assistance, because, if nothing else, it corroborated what the government claims it already knew.
 That being so, I find that the government is being arbitrary in the use of their discretion in not making a motion for downward departure. The court therefore is placed in a position of having to do so on its own.
 ....
 ... I just can't believe that that's what Congress wanted, that the people who are more heavily involved walk away and the poor people at the bottom spend more time in prison. That can't be right. It can't be.
 (RT 9/9/9/91 at 20-29).
 As in Delgado-Cardenas, the district court made reference to substantial assistance provided by the defendants and discrimination based on sex and race as a basis for the government's failure to make a downward departure motion. Nonetheless, the precise unconstitutional motive or constitutional violation relied upon by the district court is unclear.
 Therefore, we vacate the sentences and remand the cases for resentencing. If the district court intends to depart downward, pursuant to section 5K1.1, it shall make sufficient findings as required by Wade, and, if necessary, hold an evidentiary hearing in accordance with Redondo-Lemos.
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Jack E. Tanner, United States Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Guidry, joined by Crafton, also argue for the first time on appeal that their respective cooperation agreements required the government to file a motion for downward departure. We do not address this contention because neither defendant raised this argument below. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (this court generally will not address an argument raised for the first time on appeal)